Dear Sheriff Daniel:
This office is in receipt of your opinion request wherein you made the following inquiries:
 1) Do members of the Delta Narcotics Task Force, which is made up of seven agencies, have an automatic commission in jurisdictions other than their own?
 2) If jurisdiction, throughout the seven agencies, is not automatically conferred upon members of the Delta Narcotics Task Force, what procedure must be followed in order to bestow such commission?
Traditionally, an officer's authority is limited exclusively to his territorial jurisdiction. While it has not been expressly codified by the Louisiana Legislature, there are several codal articles, which imply that officers only have authority to act within their own jurisdiction. Illustrative codal articles are as follows:
La. Code of Criminal Procedure Art. 204: Execution of Warrant
The warrant shall be directed to all peace officers in the state. It shall be executed only by a peace officer, and may be executed in any parish by any *Page 2 
peace officer having authority in the territorial jurisdiction
where the person arrested is found, or by any peace officer having authority in one territorial jurisdiction in this state who enters another jurisdiction in close pursuit of the person arrested.
La. Revised Statute 32.5 (A): Authority of Other LawEnforcement Officers; Parade Marshals in Calcasieu Parish andLake Charles
All law enforcement officers of this state or of any political subdivision thereof invested by law with authority to direct, control, or regulate traffic are authorized to enforce the provisions of this Chapter and regulations of the department and the commissioner adopted pursuant hereto, within theirrespective territorial jurisdiction, except as otherwise provided by this law or this chapter.
It is the opinion of this office that municipal officers do not have authority to exercise power outside of their respective jurisdictions.
In response to the first question presented, as stated in La. C. Cr. P. art. 204 and La. R.S. 32.5, municipal police officers have authority to exercise their powers within a specified territorial jurisdiction. Typically, this specified jurisdiction is the one in which they are employed. It is implied from the above articles that an officer is not allowed to exercise authority outside of this specified territorial jurisdiction unless he has been duly commissioned in another jurisdiction, which leads to the second question that was posed.
In response to the second question, the Louisiana Legislature has offered several ways for municipal police officers to gain authorization to work outside of their territorial jurisdiction.
La. Revised Statute 33:1324(1): Grant of Authority toParishes, Municipalities, Police Juries, Harbor Districts andTerminal Districts to Act Jointly
 Any parish, municipality or political subdivision of thestate, or any combination thereof, may make agreements between oramong themselves to engage jointly in the construction,acquisition or improvement of any public project or improvement,the promotion and maintenance of any undertaking or the exerciseof any power, provided that at least one of the participants tothe agreement is authorized under a provision of general orspecial law to perform such activity or exercise such power asmay be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning: *Page 3 
(1) Police, fire and health protection.
La. Revised Statute 33:1435.1(A): Sheriff's Commissions forMunicipal Law Enforcement Officers; Issuance
Notwithstanding any other provisions of law to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Applicationfor such commission shall be made only by the chief lawenforcement officer of a municipality or other politicalsubdivision. A sheriff's commission may empower a local ormunicipal law enforcement officer to enforce any state lawthroughout the parish or may be limited in such manner as thesheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
La. Revised Statute 33:2335: Enforcement Jurisdiction
In the exercise of the police power of the state and in furtherance of the purpose of promoting more effective enforcement of state laws by municipal police officers, any suchofficer, when certified in accordance with the law, and actingunder written authorization from the officer's appointingauthority, shall have jurisdiction to enforce all laws under thevarious jurisdictions of the state pursuant to a written request,specifying the names of the individuals and time periodsinvolved, from the appointing authority of the jurisdiction towhich the officer is to be assigned. Nothing herein shall allow permanent agreements between agencies. Any such officer having jurisdiction to enforce all laws under the various jurisdictions of the state in accordance with the provisions of this Section shall be considered as a borrowed employee.
It is further opined by this office that while municipal officers cannot exercise authority outside of their respective jurisdictions, a commission, granted by the chief municipal officer, can be bestowed upon municipal officers that will endow the officers with the powers and authority of a given jurisdiction.
The Delta Narcotics Task Force is comprised of seven agencies, which are located throughout various municipalities and parishes. La. R.S. 33:1324(1) specifically provides that any municipality, parish, or political subdivision may make arrangements to act jointly for specific purposes. Such arrangements, *Page 4 
according to the statute, can provide for the joint use of personnel throughout those political entities that are parties to the arrangement.
Further, it has been expressly provided in La. R.S. 33:1435(A) and 33:2335 that municipal police officers can obtain commissions to exercise their authority outside of their territorial jurisdiction, provided that the proper authorization is obtained. This authorization, as provided by the above statute, must be granted by the chief law enforcement officer of a municipality.
In conclusion, it is the opinion of this office that municipal officers cannot exercise authority outside their assigned jurisdiction that is the place of their employment. This limited jurisdiction, however, can be overcome by the granting of a commission by the chief law enforcement officer, which will entitle the commissioned officer to exercise full authority in that jurisdiction.
It is our continuing desire to lend aid to the public servants of the state such as yourself, Mr. Daniel, and we pray that the foregoing Opinion has been responsive to your question, of value, and helpful.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 JENNIFER MARTINEZ
 ASSISTANT ATTORNEY GENERAL